IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUAN LOPEZ-PRILLWITZ,                                              PLAINTIFF

V.                          Civil No. 11-5280

WALMART STORES, INC. and
USABLE CORPORATION d/b/a BLUE
ADVANTAGE ADMINISTRATORS OF ARKANSAS,                             DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging denial of benefits by Defendant and seeking damages and attorney fees. The action was originally filed in the Circuit Court of Benton County, Arkansas, but removed to this Court on December 21, 2011, by defendant Wal-Mart Stores, Inc. Associates' Health and Welfare Plan[1]. Currently before the Court are Defendant's Motion to Dismiss or Alternative Motion for Summary Judgment (Doc. 4), Brief in Support of Motion (Doc. 5), Plaintiff's Response (Doc. 6) and Defendant's Reply (Doc. 9). Also before the Court is Defendant's Motion to Strike Plaintiff's Response. (Doc. 9).

---

[1] Defendant states that Plaintiff has incorrectly named "WalMart Stores, Inc." as a defendant in this matter and that the proper party name is "Wal-Mart Stores, Inc. Associates' Health and Welfare Plan." (Doc. 4).

1

For reasons stated herein, Defendant's Motion for Summary Judgment is **GRANTED** and its Motion to Strike is **DENIED** as moot.

**I. Background**

Plaintiff is an employee of Wal-Mart and a participant in The Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan"). (Doc. 1, ¶ 7). On or about June 24, 2010, Plaintiff was involved in a motor-vehicle collision, in which he sustained physical injuries[2]. (Doc. 1, ¶ 12, 13).

On September 26, 2011, Plaintiff's attorney, on behalf of the Plaintiff, mailed to the Defendant employer and the Plan a copy of his healthcare records for treatment and bills in the amount of $8,029.50. (Doc. 1, ¶ 14). When Wal-Mart did not respond, Plaintiff filed a Complaint alleging that the Plan's "unilateral and arbitrary refusal to pay [his] healthcare

---

[2] Although not set out in his complaint, Plaintiff presumably filed claims for benefits under the Plan; in support of its Motion to Dismiss, Defendant submitted two Explanations of Benefits (EOB) which relate to service on the date Plaintiff was injured. (Doc. 4, Ex. B). Page 1 of Ex. B is for ambulance services provided on June 24, 2010, and durable medical equipment supplied on June 24, 2010, in the amount of $417.50. The service provider is listed as "Bentonville Fire & Ambulance." The explanation code reads: "Coverage criteria for ambulance services was not satisfied" and indicates that the Plaintiff is responsible for the entire amount of the claim total. Page 2 is for radiology services provided by David Shane McAlister, MD on June 24, 2010, in the amount of $39.00. The explanation code reads: "Claim exceeds provider timely filing period—member not responsible" and indicates that Plaintiff's minimum responsibility is $0.00.

benefits violates the provisions of ERISA and the provisions of the plan itself." (Doc. 1, ¶ 18).

This matter is now before the Court on motion of Defendants to dismiss Plaintiff's complaint for failure to exhaust administrative remedies or in the alternative for summary judgment. (Doc. 4).  Plaintiff responded to Defendant's motion outside the Court's fourteen day time limit, and Defendant has moved to have the response stricken from the record as untimely filed.  (Doc. 9).  Despite the untimeliness of Plaintiff's Response, the Court has considered the arguments and authority therein.

**III.  Discussion**

In the Eighth Circuit, exhaustion of administrative remedies is required in the context of a denial of benefits action under ERISA when there is available to a claimant a contractual review procedure that is in compliance with 29 U.S.C. § 2560.503-1(f) and (g)as long as the employee has notice of the procedure.  *Wert v. Liberty Life Assurance Company of Boston, Inc.*, 447 F.3d 1060 (8th Cir. 2006).  Although ERISA itself contains no exhaustion requirement, beneficiaries must exhaust their administrative remedies if such exhaustion is mandated by the ERISA plan at issue.  *Midgett v. Washington Group Intern. Long Term Disability Plan,* 561 F.3d 887, 898 (8th Cir. 2009).

The EOBs provided by Defendant to Plaintiff following the denial of his claims for benefits state: "You may request a review of a denial of benefits or any claim or portion of a claim by sending a written appeal to the Appeals Department WalMart Stores, Inc....within twelve months of the denial." (Doc. 5, Ex. 2).

The Plan at issue in this action requires benefit claaimants to exhaust administrative remedies for an adverse benefit determination before challenging that determination in court. The Summary Plan Description[3] states: ("...you...*must*...*file* an initial claim for benefits under the Plan within 12 months from the date of service...." "You...*must complete* the required claims and appeals process described in the Claims and appeals

---

[3] When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court generally must ignore materials outside the pleadings. However, the Court may consider "some materials that are part of the public record or do not contradict the complaint," *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999), as well as materials that are "necessarily embraced by the pleadings." *Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.,* 967 F.Supp. 1148, 1152 (D.Minn.1997). *See also* 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1366, at 184-86 (2004) (providing that a court may consider "exhibits that are attached to the pleading, matters of which the district court can take judicial notice, and items of unquestioned authenticity that are referred to in the challenged pleading and are 'central' or 'integral' to the pleader's claim for relief"). While Defendant attached the Summary Plan Description to its Motion to Dismiss, it is noted that Plaintiff's Complaint stated "The Defendants are in exclusive possession of the Summary Plan Description, and therefore good cause exists to omit attaching it." (Doc. 1, ¶ 10.)

chapter before you may bring legal action...."  "You *may not file* a lawsuit for benefits if the initial claim or appeal is not made within the time periods set forth in the claims procedures of the Plan."  "You *must* file any lawsuit for benefit within 180 days after the final decision on appeal (whether by the Plan or after external review).  You *may not* file suit after that 180-day period expires.")(Doc. 5, Ex. 1)(emphasis added).  Plaintiff stipulates that he has not filed any appeals for his claims at issue with Defendants.  (Doc. 6).  Even given the arguably permissive language in the EOB, Plaintiff was put on notice of the review procedure.  The Eighth Circuit has found that an explicit statement regarding exhaustion is not required.  *Wert* at 1065.  "In no case has our court excused a failure to exhaust contractual remedies based on the fact that plan language described a review procedure as permissive rather than mandatory."  Unlike in *Wert,* exhaustion is clearly required under the plan at issue in this case, and Plaintiff did not pursue his administrative remedies before seeking relief from the federal court.

Although Plaintiff couches his argument in terms of "futility," the core of his argument is that Defendant's failure to comply with its duty under § 1133 to afford him "a reasonable opportunity...for a full and fair review" excuses his failure to exhaust.  ERISA plan beneficiaries are required

5

to exhaust their claims where there is notice of an available review procedure and where there is no showing that exhaustion would be futile. An administrative remedy will be deemed futile if there is doubt about whether the agency could grant effective relief. *Midgett at* 898. Unsupported and speculative claims of futility do not excuse a claimant's failure to exhaust his or her administrative remedies. *Id.*

Defendant's Plan appears to comply with all statutory and regulatory requirements for reasonable claim procedures. *See* 29 U.S.C. § 1133 (requiring adequate notice in writing of claim denials and "a reasonable opportunity" for a "full and fair review by the appropriate named fiduciary of the decision denying the claim."); and 29 C.F.R. § 2560.503-1(f) (requiring plans to "establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.")

The Court concludes that Plaintiff failed to exhaust his administrative remedies and that such failure is fatal to his ability to obtain judicial review of the adverse benefit decision. His claim must be dismissed.

**IV. CONCLUSION**

Accordingly, Defendant's Motion to Dismiss (Doc. 4) is **GRANTED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.** Defendant's Motion to Strike (Doc. 4) is **DENIED** as moot. All parties are to bear their own costs and fees.

IT IS SO ORDERED this 2nd Day of March, 2012.

/s/ Robert T. Dawson  
Honorable Robert T. Dawson  
United States District Judge
